IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THOMAS RYDER, et al.,

         Plaintiffs,

v.              CIVIL ACTION NO.   2:12-cv-02255

JIM WALTER HOMES, LLC, et al.

         Defendants.

**MEMORANDUM OPINION AND ORDER**

Several motions are pending in this case: (1) Plaintiffs' motion to abstain, remand this case to state court, and assess costs [ECF 7]; (2) Defendant Jim Walter Homes, LLC's motion to set aside default [ECF 25]; (3) Plaintiffs' motion to reinstate claims against Defendants Green Tree Servicing, LLC, Bobby Willis, and Nancy Willis [ECF 29]; and (4) Defendant Green Tree Servicing, LLC's, Bobby Willis's, and Nancy Willis's motion for leave to file a response to Plaintiffs' motion to reinstate claims [ECF 32]. No Defendant filed a response to Plaintiffs' motion to abstain and remand.

For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to abstain, remand this case, and assess costs and fees. The Court **GRANTS** the motion to abstain and remand, but **DENIES** the motion with respect to assessment of costs and fees.

## I. BACKGROUND

This matter arises from Plaintiffs' purchase of a home from Defendant Jim Walter Homes, LLC ("Jim Walter Homes") in the spring of 2003. According to Plaintiffs' Complaint, Plaintiffs, West Virginia residents, entered into a building contract with Jim Walter Homes, a Florida company licensed to do business in West Virginia. Plaintiffs signed the contract at Jim Walter Homes's office in Cross Lanes, Kanawha County, West Virginia. Among other things, the contract provided that the total cost of the constructed home was $93,400. The contract further provided that the amount to be financed was $84,260 at a nine-percent interest rate and was to be repaid in 360 monthly installments. A deed of trust secured the debt with the real property on which the home was to be built. This deed of trust, which was allegedly blank when Plaintiffs signed it, stated that the total amount financed was $244,044. Defendant Walter Mortgage Company, LLC ("Walter Mortgage"), and later, Green Tree Servicing, LLC ("Green Tree"), serviced Plaintiffs' mortgage. Plaintiffs moved into the home in November 2003, but allege in their Complaint that the construction of the home was beset with defective materials, workmanship, and other problems.

On September 28, 2005, Plaintiffs filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of West Virginia. (*In Re: Thomas Moorman Ryder IV and Lorie Ann Ryder,* 2:05-bk-23368, ECF 1.) On the schedule listing secured creditors, Plaintiffs list "Midstate Homes" in Tampa, Florida as being the creditor for Plaintiffs' 2003 mortgage. The amount Plaintiffs list for this creditor's claim is

$90,000.[1]   On January 11, 2006, the Bankruptcy Court entered an Order of Discharge and, on February, 23, 2006, closed the bankruptcy case.  (*Id.*, at ECF 10, 12.)

Beginning in 2007 and continuing through the spring of 2012, Defendants Bobby and Nancy Willis, debt collectors, and Defendants Walter Mortgage and Green Tree are alleged to have engaged in a variety of actionable practices.  For example, the Willis Defendants are alleged to have repeatedly and illegally harassed Plaintiffs regarding late mortgage payments.  In addition to other harassing actions, Plaintiffs claim that Defendant Bobby Willis assaulted Plaintiff Thomas Ryder and his teenage son on one occasion and verbally abused Plaintiff Lorie Ryder on another. Plaintiffs also allege that Defendants Walter Mortgage and Green Tree made misrepresentations about the amounts of Plaintiffs' past due mortgage payments, threatened to assess illegal fees, failed to timely apply payments on Plaintiffs' mortgage, and failed to provide Plaintiffs with account statements.  Green Tree is alleged to have repeatedly contacted Plaintiffs even though it knew that Plaintiffs were represented by counsel at the time.

On March 3, 2012, Plaintiffs moved to reopen their bankruptcy case alleging that subsequent to the closing of their bankruptcy case, lawyers advised them that they had actionable legal claims against Defendants. (*Id.,* ECF 16.)  The stated purpose of reopening the bankruptcy case was to amend Plaintiffs' bankruptcy schedules and exempt their putative lawsuit as an asset of the bankruptcy estate.  On March 19, 2012, the Bankruptcy Court granted Plaintiffs' motion to re-open their case. (*Id.,* ECF 19.)  The order directed that "any creditor added to the Debtor's schedules" file "objections to exempt property of the Debtor" within thirty days  (*Id.*)  Midstate Homes was among the creditors who received notice of the Bankruptcy Court's Order re-opening

---

[1] Based on Defendant Green Tree's Notice of Removal, it appears that it is uncontested that this claim pertains to Plaintiffs' mortgage notwithstanding the fact that Midstate Homes is not named or otherwise referenced in Plaintiffs' Complaint.

3

the case. On April 9, 2012, Plaintiffs filed their amended schedules which claimed as an exempt asset their legal claims against Defendants. On the schedule Plaintiffs listed the value of the claimed exemption as "$50,000" but stated that the "current value of property without deducting exemption" is "$90,000". (*Id.*, ECF 21 at 5.) On May 18, 2012, Plaintiffs filed suit in the Circuit Court of Kanawha County, West Virginia stating fourteen state law causes of action against Defendants: Counts I and II allege, respectively, claims for an unconscionable contract and an illegal referral sales scheme against Jim Walter Homes and Walter Mortgage; Count III alleges an invasion of privacy claim against both Willis Defendants; Count IV alleges assault against Defendant Bobby Willis; Counts V–XI allege claims against Defendants Walter Mortgage and Green Tree for abusive and illegal debt collection practices in violation of the West Virginia Consumer Credit Act (West Virginia Code §§ 46A-2-101, *et seq.*); Counts XII–XIII allege an illegal debt collection claim and a failure to provide a statement of account claim (in violation of West Virginia Code § 46A-2-114(2)) against Defendant Green Tree; and Count XIV alleges a joint venture claim against all Defendants.

On June 7, 2012, Plaintiffs filed a stipulation in their bankruptcy case. (*Id.,* ECF 29.) The stipulation memorialized Plaintiffs' agreement with the Bankruptcy Trustee to prosecute their civil suit in their own names against Defendants and to report to the Trustee if Plaintiffs received a judgment in excess of the exemptions permitted by the Bankruptcy Court. The Stipulation further requires Plaintiffs to report to the Trustee prior to settling their lawsuit and also requires that any proposed settlement in excess of the exemption amounts "must be brought before this Court in conjunction with [the] Trustee." (*Id.*)

4

On June 22, 2012, Defendant Green Tree removed Plaintiffs' suit from Kanawha County Circuit Court to federal court.  Green Tree asserts removal jurisdiction under 28 U.S.C. §§ 1334, 1446, and 1452 because the case "arises in or is related to" the Plaintiffs' bankruptcy case.  (ECF 1 at 3.)  Green Tree further states that the outcome of Plaintiffs' lawsuit "will affect the Plaintiffs' bankruptcy case as potentially converting the case from a no asset case to an asset case, with potential distribution to creditors, thereby requiring administration of the bankruptcy estate." (*Id*., at 4.)

On July 9, 2012, Plaintiffs again amended their bankruptcy schedules.  (*In Re: Ryder,* 2:05-bk-23368, ECF 33.)  The only change was to correct "a typographical error", that is, change the "$90,000" value of their lawsuit to "$50,000." (*Id.*)

Over the next eight months, the parties filed various motions.  On June 29, 2012, Defendant Green Tree moved to compel arbitration and dismiss the case or, alternatively, moved to stay the case pending arbitration (ECF 4).  On July 9, 2012, Plaintiffs moved to abstain and remand the case to state court [ECF 7].  On July 12, 2012, Plaintiffs filed their amended complaint adding an additional count against Defendants Jim Walter Homes and Walter Mortgage alleging that the building contract contained an unconscionable arbitration clause. (ECF 11.)  On August 8, 2012, Plaintiffs, Defendants Green Tree and the Willises filed their stipulation to arbitrate. Based on that stipulation, the Court denied Green Tree's motion to dismiss as moot and dismissed the claims against Green Tree and the Willises without prejudice.  On December 19, 2012, the Clerk entered default against Defendant Jim Walter Homes based on its failure to file an answer or otherwise plead to Plaintiffs' Complaint.  On December 21, 2012, Plaintiffs filed their motion to dismiss Defendant Walter Mortgage without prejudice based on Walter Mortgage's apparent

5

merger with Defendant Green Tree. On January 10, 2013, Defendant Jim Walter Homes moved to set aside entry of default and requested leave to file a responsive pleading to the Complaint. On January 25, Plaintiffs moved to reinstate their claims against Green Tree and the Willises. Finally, on February 8, 2013, Green Tree and the Willises moved for leave to file a response to Plaintiffs' motion to reinstate their claims against them.

## *II. LEGAL STANDARDS*

Pursuant to 28 U.S.C. § 1334(b), federal district courts shall have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In pertinent part, 28 U.S.C. § 1452(a) provides: "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1452(b) provides: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

Notwithstanding a proper grant of subject matter jurisdiction under 28 U.S.C. § 1334, abstention principles may prevent a district court from adjudicating a case. Abstention may be mandatory or permissive. Mandatory abstention is applicable to removed actions under § 1452(a). *Barge v. W. S. Life Ins. Co.*, 307 B.R. 541, 546 (S.D. W. Va. 2004) (Copenhaver, J.) (citing cases). Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2) and permissive abstention is governed by 28 U.S.C. § 1334(c)(1).

Removal jurisdiction is strictly construed because of the "significant federalism concerns" implicated by it. *Lontz v. Tharp* 413 F.3d 435, 440 (4th Cir. 2005) (citing *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005)). The proponent of federal

6

jurisdiction bears the burden of demonstrating the legitimacy of its exercise. *Id.*; *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004); *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

### III. DISCUSSION

At the outset, the Court notes that no Defendant ever responded to Plaintiffs' motion to abstain and remand. Local Rule 7.1 of the Local Rules of the Southern District of West Virginia provides, "Memoranda and other materials in response to motions shall be filed and served on opposing counsel and unrepresented parties within 14 days from the date of service of the motion." Plaintiffs' motion to abstain and remand was filed on June 29, 2012, nearly nine months ago. Defendant Green Tree, the removing Defendant, bears the burden of demonstrating the propriety of this Court's exercise of subject matter jurisdiction over this state law-based lawsuit. By failing to respond to Plaintiffs' motion to abstain and remand, Defendant Green Tree necessarily fails to carry its burden.

Notwithstanding Defendant Green Tree's failure to defend this matter, the Court is convinced that it should abstain from this case and remand it to state court. In its Notice of Removal, Defendant Green Tree predicated removal jurisdiction on 28 U.S.C. §§ 1334(b) and 1452 because the case "arises in or is related to Plaintiffs' bankruptcy case." (ECF 1 at 3.) Although Green Tree offers no explanation to support its assertion that the civil lawsuit "arises in" the bankruptcy case, Green Tree does state that the lawsuit is related to the bankruptcy case "in that the outcome of the litigation will affect the Plaintiffs' bankruptcy case as potentially converting

7

the case from a no asset case to an asset case, with potential distribution to creditors, thereby requiring administration of the bankruptcy estate." (*Id.* at 4.) Green Tree further states:

> Plaintiffs' claims against Green Tree are predicated upon voiding Plaintiffs' financial responsibility for the Plaintiffs' Loan on the grounds of unconscionability, as well as seeking damages for alleged impermissible charges, fees, and failure to properly apply payments. Plaintiffs' Loan was scheduled in the Chapter 7 bankruptcy case filed by Plaintiffs. The Amended Schedules and Stipulation indicate funds could be obtained above the exemptions that would impact the administration of the estate. Indeed, Plaintiffs are required to inform the Trustee of any potential settlement for review and must also turn over any settlement amount in excess of their exemption to the Bankruptcy Court and Chapter 7 Trustee.

(*Id.*)

Defendant Green Tree filed its Notice of Removal on June 22, 2012. At that time, as stated by Green Tree in its Notice of Removal, Plaintiffs' bankruptcy schedules did in fact indicate that the value of the lawsuit exceeded the amount of Plaintiffs' exemption. Plaintiffs, however, amended their bankruptcy schedules on July 9, 2012. The amendment corrected what Plaintiffs claim was a typographical error. The correction reduced the stated value of Plaintiffs' lawsuit from "$90,000" to "$50,000", the latter figure reflecting the amount of their exemption. Defendant Green Tree filed no objection to this amendment and, on August 30, 2012, the Bankruptcy Court entered a final decree discharging the Trustee and closing the case. The bankruptcy docket reflects that Green Tree was notified of entry of the final decree. (*Id.,* ECF 34-1.) Defendant Green Tree, having filed no response in opposition to Plaintiffs' motion to abstain and remand, fails to offer any discussion of what the effect of Plaintiffs' amendment to their bankruptcy schedules might have on what appears to be a pertinent fact in its removal jurisdiction argument.

The Court has "original but not exclusive jurisdiction" to adjudicate this case pursuant to 28 U.S.C. § 1334(b) because Plaintiffs' lawsuit is "related to" the bankruptcy case. Defendant Green Tree appears to admit as much in its Notice of Removal. Plainly, Plaintiffs' claims are created by state law, not Title 11, and do not arise as part of the bankruptcy administration. Thus, the claims do not "arise under", or are they "in a case under", Title 11 and, thus, they are merely "related to" a case under Title 11. *See Loudin v. J.P. Morgan Trust Co., N.A.*, 481 B.R. 388, 392 (S.D. W. Va. 2012) (Goodwin, C.J.). Whether the Court should exercise its jurisdiction, or whether it must or should abstain, however, are other matters.

Mandatory abstention requires that a timely motion be made by a party to the proceeding. Further, the proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding. *Id.* (citing *In re Dow Corning Corp.*, 113 F.3d 565, 570 (6th Cir. 1997)). "Mandatory abstention applies only to non-core proceedings—that is, proceedings 'related to a case under title 11', but not 'arising under title 11, or arising in a case under title 11.' " *Id.* (citing *In re Gober*, 100 F.3d 1195, 1206 (5th Cir.1996)). Permissive abstention is governed by 28 U.S.C. § 1334(c)(1), which provides in pertinent part:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The Court must abstain from this case. This Court has previously stated, "When a case is related to bankruptcy proceedings, 28 U.S.C. § 1334(b) gives the district court jurisdiction to hear the case. However, the district court can only exercise that jurisdiction as long as the

9

requirements for mandatory abstention in § 1334(c)(2) are not met." *Loudin v. J.P. Morgan Trust Co., N.A.*, 481 B.R. at 392 (citing *Marshall v. Marshall*, 547 U.S. 293, 309 n.3 (2006)).

The requirements for mandatory abstention are met. First, Plaintiffs' motion to remand was timely filed. Defendant Green Tree removed the case on June 22, 2012, and Plaintiffs filed their motion to abstain and remand two weeks later, that is, on July 9, 2012. Second, Plaintiffs' lawsuit is based entirely on state law claims. Third, this Court would not otherwise have subject matter jurisdiction over this matter absent Plaintiffs' bankruptcy case. Fourth, Plaintiffs' civil lawsuit was filed in Kanawha County Circuit Court and, thus, the lawsuit was "commenced in a state forum of appropriate jurisdiction." Fifth, no party has contended that this matter cannot be adjudicated timely in state court and, thus, the Court finds that Kanawha County Circuit Court is able to timely address this matter. Finally, as noted above, because this case is "related to" Plaintiffs' bankruptcy case and does not "arise under" or "arise in" a case under Title 11, the Court finds this case is a non-core proceeding.

Although mandatory abstention under 28 U.S.C. § 1334(c)(2) applies to this case, the Court would, in any event, permissively abstain under 28 U.S.C. § 1334(c)(1) from adjudicating the case. Twelve factors guide permissive abstention analysis:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other bankruptcy court, (5) the jurisdictional basis, if any, other [than] 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by

>one of the parties, (11)   the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Barge v. W.S. Life Ins. Co.*, 307 B.R. at 547 (citations omitted).

Permissive abstention would be appropriate based on several of the *Barge* factors.  First, there is no evidence or argument that the efficient administration of Plaintiffs' bankruptcy case would be adversely impacted by the Court's abstention. Second, as noted earlier, Plaintiffs' claims are rooted entirely in state law.  Any "bankruptcy issues" would be limited to the bankruptcy Court's possible administration of settlement sums or a damages award in excess of Plaintiffs' $50,000 exemption.  Thus, state law issues substantially predominate over potential bankruptcy issues.  Third, Plaintiffs' state law claims are run-of the-mill consumer law and contract claims that present no difficult, novel, or unsettled areas of law.  Next, there is no other basis for this Court's subject matter jurisdiction aside from Plaintiffs' bankruptcy case.  Also, this case involves several non-debtor parties.  Finally, Plaintiffs' bankruptcy case was originally filed in 2005 and was closed in January 2006, and is, thus, remote in time.  The only effect Plaintiffs' lawsuit might have on the bankruptcy case is that, in the event Plaintiffs were to recover an award in excess of $50,000, that excess amount would need to be administered by the Bankruptcy Trustee.  Should this occur, the Court is confident that it is a matter that can be readily and efficiently administered by the Bankruptcy Court.  Accordingly, these factors weigh heavily in favor of an exercise of permissive abstention.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART**, Plaintiffs' motion to abstain, remand, and assess costs [ECF 7].   The Court **GRANTS** the motion to abstain and remand.  The Court **DENIES** the motion insofar as it requests an award for costs

and fees because the Court cannot find that Defendant Green Tree lacked an objectively reasonable basis for removing the case.  *See Martin v. Franklin Capital Corp.* 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.")

The Court **REMANDS** this case to the Circuit Court of Kanawha County for further proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   March 19, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE